Gurgen KARAPETYAN, Petitioner,

v.

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465

Michael B. MUKASEY,* Attorney General, Respondent.

No. 05–74968.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Jan. 18, 2008.

Dario Aguirre, Esq., Aguirre Law Group A.P.C., San Diego, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., K. Jack Haugrud, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Gurgen Karapetyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of deportation, and protection under the Convention Against Torture.[1] We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252. We review appeals of credibility findings under the substantial evidence standard, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), which states that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004). When an alien seeks to overturn the BIA's denial of relief, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

The BIA's credibility determination finds substantial support in the record.[2] The IJ properly concluded that Karapetyan's testimony regarding the shooting that he witnessed and the identity of the person allegedly shot, which form the basis of his fear of persecution, contains material inconsistencies which go to the heart of his claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). The findings regarding demeanor are also supported by specific

U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

2. Where, as here, the BIA incorporates parts of the IJ's decision into its own, we treat the incorporated parts of the IJ's decisions as the BIA's. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

and cogent reasons, and are entitled to special deference. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

The BIA properly denied review of Karapetyan's denial of asylum by concluding that he had failed to establish a well-founded fear of persecution. Because Karapetyan did not meet the requirements for asylum, it follows that he did not meet the more stringent standard for withholding of deportation. *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). The BIA also correctly concluded that Karapetyan failed to demonstrate that it is more likely than not that he would be tortured if returned to Armenia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001). Accordingly, the appeal was properly dismissed.

**PETITION DENIED.**